

Glavin PLLC  
156 W. 56th Street, Suite 2004  
New York, NY 10019

glavinpllc.com  
646.693.5505

December 19, 2024

**VIA ECF**

Honorable Katherine Polk Failla  
United States District Court  
Southern District of New York  
40 Foley Square, Courtroom 618  
New York, New York 10007

    Re:    *Ferrari v. Cuomo, et al.,* 23 Civ. 7715 (KPF)(GWG)

Dear Judge Failla:

    I write jointly on behalf of Defendants former Governor Andrew M. Cuomo, Melissa DeRosa, and Dr. Howard Zucker (collectively, "Defendants") regarding Plaintiffs' December 10, 2024 letter informing the Court of their intention "to move for leave to amend and/or supplement the pleadings" pursuant to Federal Rule of Civil Procedure 15. ECF No. 57. Defendants (a) oppose Plaintiffs' request for leave to amend the Amended Complaint, ECF No. 39, because the proposed changes to the factual allegations do not cure the Amended Complaint's fatal legal deficiencies set forth in the fully briefed motions to dismiss; and (b) respectfully request a conference before the Court regarding Plaintiffs' intention to seek leave to amend.

    **I.**    **Background**

    Plaintiffs initially filed their purported class action complaint on August 30, 2023. ECF No. 1. Defendants then sought a pre-motion conference on motions to dismiss the complaint, ECF Nos. 18, 22, 23, 30, which was held on January 18, 2024. During that conference, Defendants raised the complaint's substantive deficiencies and erroneous factual allegations, and the Court inquired whether Plaintiffs would amend the complaint or oppose forthcoming motions to dismiss. *See, e.g.*, ECF No. 34 at 18:2–16. Plaintiffs subsequently filed the Amended Complaint on February 22, 2024, asserting that certain alleged actions by Defendants concerning nursing home facilities during the Spring of 2020 (including the New York State Department of Health's March 25 Advisory and alleged "undercounting" of nursing home deaths) purportedly caused Plaintiffs' Decedents to contract COVID-19 while living in nursing homes, resulting in their deaths. ECF No. 39. Defendants moved to dismiss the Amended Complaint, citing to: Supreme Court and Second Circuit precedent generally barring challenges to policies adopted by health officials during a public health emergency; qualified immunity; lack of Defendants' personal involvement; and the fact that Plaintiffs cannot demonstrate the Defendants' alleged actions were the proximate cause of Plaintiffs' alleged injuries. ECF Nos. 41–49. Rather than seeking to further amend their pleading, Plaintiffs opposed the motions to dismiss the Amended Complaint. ECF Nos. 52–53. The motions to dismiss have been fully briefed since June 28, 2024. ECF Nos. 54–56.

## II. Plaintiffs' Proposed Second Amended Complaint

Nearly six months after the motions to dismiss were fully briefed, and based on the hyper-partisan, spurious work of the U.S. House of Representatives Select Subcommittee on the Coronavirus Pandemic (the "Subcommittee"), Plaintiffs seek another chance to avoid dismissal—a fate Plaintiffs surely understand is imminent in light of the dismissals of similar claims in the Eastern District of New York and New York state court. *Arbeeny v. Cuomo, et al*, 22-CV-2336 (LDH) (LB) (E.D.N.Y. Sept. 30, 2024) (order granting defendants' motions to dismiss claims based on alleged constitutional and statutory violations in connection with the March 25, 2020 Advisory);[1] *Mauro v. Cuomo*, 21-CV-1165 (HG) (ARL), 2023 WL 2403482, at *7 (E.D.N.Y. Mar. 8, 2023) (dismissing complaint against Governor Cuomo based on COVID-19 policies and noting that "federal courts around the country have granted state officials qualified immunity at the motion to dismiss state for restrictions implemented during the COVID-19 pandemic on account of the public health crisis, and the ongoing and changing circumstances"); *see also Est. of Gille v. State*, 84 Misc.3d 1215(A), 219 N.Y.S.3d 909 (Table), at *9 (N.Y. Ct. of Claims Sept. 27, 2024).

Specifically, Plaintiffs seek to amend by pointing to: (1) a September 9, 2024 Republican staff Memorandum to the Subcommittee entitled "Findings from the Select Subcommittee's Investigation into the Cuomo Administration's March 25 Directive Admitting COVID-positive Patients Into Nursing Homes" (Ex. 1 to ECF No. 57); and (2) an October 30, 2024 referral for criminal investigation by the Subcommittee Republican Chairman Brad Wenstrup to the U.S. Department of Justice ("DOJ") alleging that the Subcommittee "believes that Governor Cuomo made false statements about his involvement in and knowledge of the drafting of" a July 6, 2020 New York State Department of Health report (Ex. 2 to ECF No. 57). None of the conclusions in these biased, shoddy, and politically-motivated documents—which Governor Cuomo vehemently disputes—created on the eve of the November 2024 presidential election, changes the fact that Plaintiffs' claims must still be dismissed as a matter of law. Plaintiffs' claims (1) are still barred by Second Circuit and Supreme Court precedent and the doctrine of qualified immunity, (2) fail to allege personal involvement by the Defendants as required to state a Section 1983 claim, and (3) fail to demonstrate the Defendants' alleged actions caused Plaintiffs' alleged injuries.

Leave to amend or supplement, "though liberally granted, may be properly denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Kling v. World Health Organization*, 532 F. Supp. 3d 141, 153 (S.D.N.Y. 2021). Where, as here, Plaintiffs have failed to cure deficiencies, the proposed amendment would be futile, and Plaintiffs fail to specify how the amendment would cure such deficiencies, leave to amend should be denied.

Dismissal is appropriate where the flaws in the pleading are incurable. *Maila Beach v. City of New York*, No. 1:21-CV-06737 (ALC), 2023 WL 5576398, at *7 (S.D.N.Y. Aug. 28, 2023), *reconsideration denied sub nom*; *Beach v. City of New York*, No. 1:21-CV-06737 (ALC), 2024 WL 4349137 (S.D.N.Y. Sept. 30, 2024) (dismissing complaint with prejudice after prior opportunity to amend where defendants were entitled to qualified immunity); *Maack v. Wyckoff*

---

[1] The *Arbeeny* dismissal order is the subject of an appeal pending before the Second Circuit. *Arbeeny v. Cuomo, et al.*, Case No. 24-2856 (2d Cir.).

*Heights Med. Ctr.*, No. 15 CIV. 3951 (ER), 2017 WL 4011395, at *8 (S.D.N.Y. Sept. 11, 2017), *aff'd*, 740 F. App'x 1 (2d Cir. 2018) (denying plaintiff further leave to amend where amendment would be futile). An amendment is futile where plaintiffs are unable to demonstrate that they can sufficiently cure defects to survive a motion to dismiss. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [plaintiff's] cause of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.").

*First*, Plaintiffs' inexplicable and undue delay of many weeks before raising the purported issue of the widely publicized September 9, 2024 memorandum and October 30, 2024 DOJ referral as a basis to amend is reason alone to deny Plaintiff's motion, as it evidences a dilatory motive to avoid a decision on the motions to dismiss. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (reasons to deny leave to amend include "undue delay [and] bad faith or dilatory motive").

*Second*, the alleged "findings" by the Republican staff of the Subcommittee and the referral to the DOJ for alleged false statements do not cure substantive legal deficiencies in the Amended Complaint, including precedent barring claims against reasonable responses to public health emergencies, failure to state a claim, qualified immunity, and lack of causation. Plaintiffs' broad references to an after-the-fact Republican staff memorandum and a referral to the DOJ cannot remedy the Amended Complaint's failure to allege any facts that plausibly support the contention that the March 25, 2020 Advisory was adopted with an intent to cause harm to the Plaintiffs or their family members, and thus, Defendants' actions are entitled to deference. *S. Bay United Pentecostal Church v. Newsom*, 140 S. Ct. 1613 (Mem), 1614 (2020) (citing *Jacobson v. Massachusetts*, 197 U.S. 11, 38 (1905)) (Roberts, J., concurring); *see also United States v. Walton*, 473 F. Supp. 3d 215, 218 (W.D.N.Y. 2020) (recognizing in July 2020 that "there is limited data and information" regarding COVID-19). On the issue of qualified immunity, courts regularly deny leave to amend and dismiss complaints with prejudice where the defendant is immune from suit. *See Kling*, 532 F. Supp. 3d at 154 (citations omitted); *Mauro*, 2023 WL 2403482, at *7 (dismissing complaint with prejudice where claim was barred by Eleventh Amendment and qualified immunity); *cf. Maila Beach*, 2023 WL 5576398, at *7 (similar).

*Third*, Plaintiff does not even attempt to specify how an amendment based on those documents would cure the pleading deficiencies asserted in the motions to dismiss. Leave to amend is properly denied where a plaintiff fails to specify how amendment would cure pleading deficiencies. *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505-06 (2d Cir. 2014). Plaintiffs do not explain how the Subcommittee's staff memorandum or DOJ referral would cure pleading deficiencies on, for example, causation or qualified immunity, and thus should not be granted leave to further amend the complaint. *Id.* at 506; *see Porat v. Lincoln Towers Community Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006) (*per curiam*) ("A counseled plaintiff is not necessarily entitled to a remand for repleading whenever he has indicated a desire to amend his complaint, notwithstanding the failure of plaintiff's counsel to make a showing that the complaint's defects can be cured.").

Thus, for the foregoing reasons, Defendants oppose Plaintiffs' request to further amend the Amended Complaint because it would be futile in curing the legal deficiencies set forth in the long-pending motions to dismiss, and respectfully request a conference with the Court.

Hon. Katherine Polk Failla
December 19, 2024
Page 4 of 4

                                                Respectfully submitted,

                                                */s/ Rita M. Glavin*

                                                Rita M. Glavin
                                                Glavin PLLC
                                                156 West 56th Street, Ste. 2004
                                                New York, New York 10019
                                                Tel: 646-693-5505
                                                rglavin@glavinpllc.com